1

```
1                     COUNTY COURT
       COUNTY OF ORANGE   :   STATE OF NEW YORK
2      ---------------------------------------------------X
       PEOPLE OF THE STATE OF NEW YORK
3
              - against -
4
       KENYATTA JAMES a/k/a NATE BEANDER,
5                     Defendant.
       ---------------------------------------------------X
6      Sentence
       January 31, 2012
7      Indictment No. 382-2011
       Courthouse
8      Goshen, New York  10924
```

ORANGE COUNTY
CLERK'S OFFICE

AUG 16 2012

ORIGINAL FILED

```
9      BEFORE: HON. JEFFREY G. BERRY
                    COUNTY COURT JUDGE
10
       APPEARANCES:
11     FRANCIS D. PHILLIPS II
       DISTRICT ATTORNEY OF ORANGE COUNTY
12     255-275 Main Street
       Goshen, New York 10924
13     BY: KERRY BOND
       Assistant District Attorney
14
       For Defendant:
15     LEGAL AID SOCIETY OF ORANGE COUNTY, INC.
       2 Court Lane, PO Box 328
16     Goshen, New York  10924
       BY:  DENNIS McCORMICK, ESQ.
17

18

19

20

21

22

23

24

25
```

1 | IN OPEN COURT:

2 | TIME NOTED: January 31, 2012 11:25 a.m.

3 | PRESENT:  Counsel for both sides, defendant.

4 |        THE COURT: People versus Kenyatta James.

5 |        (Off-the-record conference between defense

6 | counsel and defendant.)

7 |        THE COURT:  We are here on Kenyatta James'

8 | sentencing proceeding.  He is here today with his

9 | attorney, Dennis McCormick.

10 |        Unhook Mr. James, please.

11 |        THE COURT:  You are Kenyatta James, also known

12 | as Nate Beander?

13 |        THE DEFENDANT:  Yes.

14 |        THE COURT:  Kenyatta, raise your right hand.

15 |        THE CLERK:  Do you solemnly swear to answer

16 | truthfully all questions put you by the Court, so help

17 | you God?

18 |        THE DEFENDANT:  Yes.

19 |        (Defendant sworn.)

20 |        THE COURT:  I have in front of me a statement,

21 | which pursuant to 400.21 recites as follows:

22 |        The People of the State of New York against

23 | Kenyatta James, also known as Nate Beander.

24 |        Francis D. Phillips II, the District Attorney

25 | of the County of Orange, State of New York, states the

1    above-named defendant has been convicted of the crime of

2    Attempted Assault in the Second Degree, a felony,

3    punishable by imprisonment in excess of one year.  This

4    occurred in the County Court of the County of Chemung,

5    State of New York, on or about the 23rd day of October,

6    2001.

7            Are you that same Kenyatta James, also known as

8    Nate Beander?

9            THE DEFENDANT:  Yes.

10           THE COURT:  At the time of your conviction in

11   Chemung County, was that before Judge Buckley?

12           THE DEFENDANT:  I don't remember the judge's

13   name.

14           THE COURT:  Did you plead guilty or were you

15   found guilty after a trial?

16           THE DEFENDANT:  I went to trial and I was found

17   guilty.

18           THE COURT:  Were all your rights upheld in that

19   case?  Or I should ask you, was that conviction ever set

20   aside in any appeals court?

21           THE DEFENDANT:  No.   Appealed, but affirmed.

22           THE COURT:  All right.   Dennis, do you know of

23   any illegality or constitutional infirmity concerning

24   that felony conviction?

25           MR. McCORMICK:  No, your Honor.

982

1        THE COURT:  All right.  Let the record reflect

2   the Court finds that Mr. James is a Second Felony

3   Offender.   He must be sentenced in that capacity.

4        What is the People's recommendation?

5        ADA BOND: As your Honor is aware, this

6   defendant was convicted after a jury trial of Robbery in

7   the First Degree and Criminal Possession of a Weapon in

8   the Third Degree.   This defendant, as he stands before

9   you, is 34 years old; but he has spent approximately

10  12 years of his life in state prison, being previously

11  convicted of Criminal Sale of a Controlled Substance in

12  the Fifth Degree, where he received 3 1/2 to 7 years in

13  state prison.

14        While this defendant was in state prison, he

15  was then convicted of Attempted Assault Second and

16  Possessing Prison Contraband.  It should be noted the

17  Attempted Assault Second was on an officer within the

18  state prison jail that he was in.   And the defendant

19  subsequently received an additional 2 to 4 years in state

20  prison after that conviction.

21        It should also be noted, as your Honor is aware

22  from presiding over the jury trial, that the Criminal

23  Possession of a Weapon in the Third Degree charge was

24  based upon a sawsall blade wrapped in tape.   The People

25  would note that this type of weapon is very similar to

1    what would appear to be a prison shank, which the

2    defendant had previously been convicted of possessing.

3              This defendant's criminal history also shows a

4    rising level of violence that this defendant is

5    conducting upon society.   This defendant is clearly an

6    example of a career criminal who cannot function in

7    today's society as a productive member.

8              The PSI also does note this defendant has a

9    very high rate of recidivism.

10             When looking at the facts of this case where

11   the defendant was convicted of Robbery in the First

12   Degree, the criminal mind of the defendant is clearly

13   shown.

14             He carefully chose Viola Villamore for his

15   victim.   He knew that she was a weaker member of society

16   and she would be an easy target.   This defendant choose

17   her, hoping that she wouldn't be able to report the case

18   to the police and wouldn't go forward.   Thankfully, the

19   defendant was wrong.

20             At this time the People are recommending on the

21   Robbery in the First Degree charge, the class B violent

22   felony, 25 years in state prison as a Second Felony

23   Offender.   The People are requesting under the Criminal

24   Possession of a Weapon in the Third Degree charge,

25   7 years in state prison as a Second Felony Offender.   And

984

1    the People are also requesting the post-release

2    supervision.

3              THE COURT:  Thank you.    Mr. McCormick?

4              MR. McCORMICK: Your Honor, this Court, of

5    course, is intimately aware of the facts, the issues in

6    this case.   We had pretrial hearings.   My client has

7    always maintained his innocence.   We had a relatively

8    lengthy trial of the issues, and this Court is aware of

9    the merits of this case and the position of the defense.

10             My client, having been convicted, maintains his

11   innocence.   As he stands here ready for sentence, he

12   still takes that position.

13             THE COURT:  Thank you.   Kenyatta James, the

14   law requires that I afford you an opportunity to address

15   the Court.   You don't have to say anything.   If there

16   is something you would like to say or place on the

17   record, you may.

18             THE DEFENDANT:  I would like to address the

19   Court.

20             THE COURT:  Go ahead.

21             THE DEFENDANT:  First of all, I spoke to my

22   lawyer before I came in this courtroom.   He told me that

23   he ain't going to file any motions and change his mind,

24   yet this whole proceeding been adjourned, I don't know

25   how many times for that main purpose.

1           Second of all, that I don't match the

2      description of what they gave.    I am not 6-12. I am not

3      6 foot.    I am not wearing a white and brown striped

4      shirt.    I am not wearing blue jeans or black shirt.

5      Light skinned black male, that could be anybody in

6      Newburgh.    I just did 12 years.    Came out 2009.    Ain't

7      my fault the police arrested and they said they told me

8      I had a knife in my back pocket. They arrested me,

9      confiscated the knife, didn't charge me with it.

10     CPL 200.7 subdivision A subdivision 2, failure to state

11     an offense and failure to charge.    And I been at this

12     disagreement with my attorney that he requested that the

13     grand jury be dismissed and on the grounds that it has

14     been defective grand jury.    But he never stated

15     sufficiently, as well as specifically what those charges

16     are.    He never raised CPL 200.7.    It appears that the

17     District Attorney under pretext of consolidation motion

18     I sent to my attorney, and I asked that that be raised in

19     his motion.    He never even filed the motion.    That how

20     can she be allowed to eleven months later to bring up

21     this charge, amendment, and then consolidate it.    She

22     clearly does so.    Like my lawyer said, I didn't have my

23     shirt off in the middle of July for the purpose of

24     avoiding a robbery.    I didn't have no idea what I was

25     even charged with.    If that was the case, like my lawyer



1    said, why would I have my shirt off to avoid police when

2    I don't even fit the description of what this person said

3    I was.

4              So I am just basically wanting to raise that

5    one thing, that just because I done time and I stabbed a

6    police officer, that was when I was young.   I ain't got

7    nothing to do with no robbery.  If anything, I am willing

8    to take the weapons possession, which is not a weapon

9    possession third, not in possession of a knife.   I am in

10   possession of a sawsall blade, like you, yourself, your

11   Honor, said.   That is not a knife, it is a sawsall blade.

12   So that falls in the weapon possession in the fourth.

13   That is an A misdemeanor.

14             I am not willing to take 7 years for a

15   possession of something I am not in possession of.   That

16   is why I did not take the lesser offense of 7 years for a

17   D felony.  It can't be a lesser sentence for a robbery,

18   less offensive robbery,there is no evidence to

19   substantiate that.   That is where I stand at with that.

20             THE COURT:  Thank you, sir. Kenyatta, you can't

21   go out and rob people.   The young lady made a good

22   identification.   The jurors believed her.  I believed

23   her.   As such, you know, you are guilty of this robbery.

24   I don't know when you are going to figure it out.  You

25   are a young man, an intelligent young man.   And it is my

1    hope that somehow when you are in state prison this time,

2    you will figure out that if you get a good education

3    there and work on something, you will come out and be a

4    productive member of society.

5              It will be the judgement and the sentence of

6    the Court that the defendant  -- there are so many things

7    in this trial that obviously helped the jury understand

8    that this was the right man who committed the crime.

9    I am not going to go over them again.   They will do that

10   later on.

11             That the defendant, as a Second Felony

12   Offender, will be committed to the custody and the care

13   of the Department of Corrections of the State of New York

14   to serve a determinate period of state prison

15   incarceration.

16             On the Robbery First Degree, it will be

17   17 years determinate state prison, along with 5 years of

18   post-release supervision.

19             On the Criminal Possession of a Weapon in the

20   Third Degree, you will be committed to the custody and

21   care of the Department of Corrections of the State of

22   New York to serve a determinate period of state prison

23   incarceration.   That period will be 7 years determinate

24   time in state prison.   He will be subject to 5 years of

25   post-release supervision on that matter.   By operation of

1    law, these matters must run concurrently with each other.

2            He must pay a crime victim fee, surcharge, and

3    DNA fee.   Read his right to appeal.

4            THE CLERK: You have the right to appeal to the

5    Appellate Division Second Department within 30 days.  In

6    addition, upon proof of your financial inability to

7    retain counsel, pay the costs and expenses of the appeal,

8    you have the right to apply to the Appellate Division

9    Second Department for the assignment of counsel, leave to

10   prosecute the appeal as a poor person, and dispense with

11   printing.

12           The Appellate Division Second Department is

13   located at 45 Monroe Place, Brooklyn, New York. 11201.

14           THE COURT:  I am sorry.   You must pay a crime

15   victim fee, surcharge, and a DNA fee. Good luck to you.

16           THE DEFENDANT:  I am suing every one of you,

17   every last one.  You know that.

18           THE COURT:  Pardon me?

19           THE DEFENDANT:  I am suing every last one of

20   you.   You know that.

21           THE COURT:  You have a good day.  All right.

22           THE DEFENDANT:  You too.

23           *    *    *
     CERTIFIED TRUE AND CORRECT.

24

25   GRACE K. ZIPPRICH
     Registered Merit Reporter